THE JEFFERSON COUNTY NATIONAL BANK, Respondent, *v.* JOHN C. STREETER, Appellant.

The effect of the amendment of 1874 of the provision of the bankrupt act (§ 39), in reference to the recovery of money or property paid, sold, assigned or transferred by a bankrupt contrary to the act, was to remove the prior absolute prohibition against the proof of a debt by a creditor who had obtained a preference which had been annulled, and to confine the prohibition to cases of actual fraud, and to limit it even in those cases to a disability to prove more than one-half of the debt.

In an action against an indorser of certain promissory notes, it appeared that plaintiff duly obtained judgment against the makers on default.

After personal service of process executions were issued and levied on a stock of goods. Thereafter proceedings in bankruptcy were commenced against the judgment debtors, and upon application of the petitioning creditors, the attorney for the plaintiff consenting, an order was made by the bankruptcy court appointing the sheriff special receiver of the bankrupt's estate, and directing him to sell the property levied on and deposit the proceeds subject to the further order of the court. The order also provided that the lien of the judgment-creditors. if any, should " follow and attach to the moneys arising from the sale." In an action subsequently brought by the assignee in bankruptcy it was adjudged that plaintiff's judgments were void as against the assignee, and that the latter was entitled to the proceeds of sale of the goods, not because of any actual fraud on the part of plaintiff, but on the ground of constructive fraud, growing out of the fact that its attorney had notice of the insolvency when he commenced the actions against the bankrupts, and designed to obtain a preference. *Held,* that the obtaining of the judgments and the levy upon the property of the bankrupts was such a transfer of property as brought the case within said provision; but that plaintiff was not debarred from proving its debt; and that, therefore, its action did not prejudice or interfere with defendant's rights as indorser and so constituted no defense. Also, *held,* that the decision of the bankruptcy court that no lien was acquired by the levy as against the assignee was conclusive, and the question was not open for contestation by the defendant.

*It seems* that to constitute actual fraud within the meaning of said provision, actual complicity or a conscious purpose on the part of the creditor to accomplish a known fraud upon the act must be shown.

(Argued May 11, 1887; decided June 7, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made at the April Term, 1885, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was brought against defendant as indorser of three promissory notes made by the firm of H. O. Cadwell & Co. The answer contained two counts: The first alleged in substance that defendant was an accommodation indorser; that plaintiff obtained judgments against the makers, issued executions thereon, and that the sheriff under said executions levied on property of the makers and sold the same for more

than sufficient to satisfy the judgment. The second count alleged that plaintiff, in fraud of the provisions of the bankrupt act, knowing the makers to be insolvent, and for the purpose of having their property applied to the payment of the notes contrary to the provisions of said act, obtained said judgments against the makers and procured the levy upon and sale of their property. That proceedings in bankruptcy were thereafter commenced against the makers, and the assignee in bankruptcy brought suit against plaintiff, in which it was adjudged that the judgments, levy and sale were fraudulent and void. By reason whereof plaintiff and defendant were debarred of all rights and remedies against the property of the makers, and that thereby defendant was discharged from all liability as indorser.

The material facts are stated in the opinion.

*Denis O'Brien* for appellant. The plaintiff in this action procured from the makers of the notes in suit a fraudulent and preferential judgment, which was forbidden by the bankrupt law. (*Brown* v. *Jeff. Co. Nat. B'k*, 19 Blatch. R. 333.) This fraudulent and unlawful preference should have been surrendered by the bank. (Bump on Bankruptcy [9th ed.], 636, 640 ; *In re Drummond*, 4 Biss. 149 ; *In re Stephens*, 3 id. 187 ; Blumenstiel Law and Pr. Bankruptcy, 334, 335.) The bank cannot, under the provisions of the Federal Statute, prove the notes indorsed by the defendant, or the judgments recovered upon them, against the estate of the makers. (*Phelps* v. *Borland*, 103 N. Y. 406 ; *In re Currier*, 2 Lowell, 436 ; *In re Drummond*, 4 Biss. 149 ; *In re Ayers*, 6 id. 48 ; *In re Leland*, 7 Benedict, 436 ; *In re Parker*, 6 Sawyer, 248 ; *In re Stephens*, 3 Biss. 187 ; *In re Richter*, 1 Dill. 544 ; *In re Scott*, 4 N. B. R. 414 ; *Walton* v. *Walton*, Deady, 445 ; Blumenstiel's Law and Pr. 334.) In such cases the indorser is discharged from all liability to the holder of the note. (*Bartholow* v. *Bean*, 18 Wall. 635, 641, 642 ; *In re Ayers*, 6 Biss. 48 ; *No. B k Kentucky* v. *Cook*, 13 Ky. R. [Bush] 340 ; *Watson* v. *Pogue*, 42 Iowa, 582 ; *Lynch* v. *Reynolds*,

16 Johns. R. 40; *Willson's Case,* 11 Vesey, 410; *Brown* v. *Williams,* 4 Wend. 360; *Germania B'k* v. *Frost,* 43 N. Y. Sup. Ct. 117, 124; *Schutts* v. *Fingar,* 100 N. Y. 543, 545.) Without the consent of the bank the sheriff had no right to surrender the property upon which he had levied and remand the funds to another jurisdiction. (*Nat. B. & L. Co., Watertown* v. *Babbitt,* 17 Hun, 447; *Ansonia B. & C. Co.* v. *Babbitt,* 74 N. Y. 395; *O'Brien* v. *Weld,* 92 U. S. R. 83, 16 Wall. 551; 14 id. 419; *Decker* v. *Rapp,* 67 N. Y. 464; *Gardner* v. *Oliver Lee & Co's B'k,* 11 Barb. 558; *Phelps* v. *Borland,* 103 N. Y. 411.)

. *John Lansing* for respondent. By the recovery of the judgment by the plaintiff, against Caldwell & Co., the makers of the notes, and the execution and levy on the goods of the makers, which judgment and levy were subsequently, by the decree of the District Court, decreed to be be void as against the assignee of the bankrupts as a fraudulent preference, the plaintiff was not precluded from proving the notes as against the bankrupts' estate. (14 U. S. Stat., 528, § 23; id. 536; § 39; R. S. of U. S., § 5084; 1 Sup. to R. S. of U. S., 72; 19 Blatchf., 315; *In re Black,* 17 N. B. Reg. 399; *In re Reardon,* 14 id. 332; Bump on Bank'y, [9th ed.] 96; *In re Newcomer,* 18 N. B. R. 85; *In re Shoenberger,* 15 id. 305; *In re Graves,* 9 Fed. Rep. 816, *In re Cramer,* 13 N. B. R. 225.) It was the intention of congress, by the amendment of 1874, to distinguish between actual and constructive fraud, and remove every other limitation upon the proof of debts by honest creditors. (*Barr* v. *Hopkins,* 12 N. B. R 211; *In re Black,* 17 id. 399; *In re Newcomer,* 18 id. 85; *In re Kaufman,* 19 id. 283; *In re Reed,* 3 Fed. Rep. 798.) The plaintiff not having deprived itself of the right to prove its claim against the bankrupt's estate, has not deprived the defendant, the indorser, of the right he has as such indorser to prove the claim. (R. S. of U. S., § 5070.) Even if the bank had by its acts deprived itself of the right to prove the claim against the bankrupt's estate, that did not and

could not in any manner affect the right of the indorser to prove such claim as such indorser. (*Smith* v. *Erwin,* 77 N. Y. 466, 470; *Schutts* v. *Fingar,* 100 id. 539–544; *Parker* v. *Stroud,* 98 id. 376.) An indorser, although in the nature of a surety, is not for all purposes, entitled to the privilege of that character. He is answerable upon an independent contract; it is his duty to take up the note when it is dishonored. (*Bradford* v. *Cory,* 5 Barb. 462, 463; *Trimble* v. *Thorn,* 16 Johu. 152–155; *Beardsley* v. *Warren,* 6 Wend. 610; 8 id. 194; *Converse* v. *Cook,* 25 Hun, 44; 31 id. 417; *Powers* v. *Silverstein,* 19 J. & S. 321–324; *Necombe* v. *Hale,* 90 N. Y. 326–330; *Cardell* v. *McNiel,* 21 id. 336.) A request by the indorser to sue and collect, and neglect by holder to do so, is no defense to the indorser. (*Hurd* v. *Little,* 12 Mass. 502; *Pitts* v. *Congden,* 2 Coms. 352; *Wells* v. *Mann,* 45 N. Y. 327–330; *Colgrove* v. *Tallman,* 67 id. 99.) A creditor of a bankrupt does not by consenting to a resolution for a composition, under the United States statute of June 22, 1874 (§ 17), release a person liable as surety for the same debt. (*Gould* v. *Butler,* 122 Mass. 498; 23 Am. R. 378; *Liebke* v. *Thomas,* 116 U. S. 605; Baylies on Sureties and Guarantees, 276, § 21.) When a preferential payment has been recovered of the holder of a note by the assignee of the bankrupt the holder can resort to the indorser or surety, such payment being no defense. (*Pritchard* v. *Hitchcock,* 6 M. & G. 151; *Petty* v. *Coke,* 6 L. R., Q. B. 789; *Nerington* v. *Day,* 5 L. R., C. B. 606, 612; *Watson* v. *Poaqae,* 42 Ia. 582; 15 N. B. R. 473.) An act beneficial, or which may be beneficial, to the indorser, and so calculated, may be performed without impairing rights against him. (*Hale* v. *Holmes* 18 Johns. 28–30; *Lynch* v. *Reynolds,* 16 id. 41; *Wood* v. *Jeff. Co. B'k,* 9 Cow. 194–206.) The court in bankruptcy had jurisdiction to make the order appointing the sheriff special receiver, and such order being made on notice was binding on plaintiff whether consented to or not. (*Aus. B. & C. Co.* v. *Conners,* 103 N. Y. 502–512.)

ANDREWS, J.    There has been some conflict of judicial opinion in the courts of the United States as to the true construction of that part of the amendment to section 39 of the Bankrupt Act of 1867, made by the act of congress of June 22, 1874, which relates to the proof of debts by creditors who had obtained a fraudulent preference. The original section 39 authorized the assignee of a bankrupt to maintain an action to recover back money or property paid, conveyed, sold, assigned or transferred by the bankrupt contrary to the act, " provided the person receiving such payment or conveyance had reasonable cause to believe that a fraud on the act was intended, or that the debtor was insolvent," and the proviso is followed by the declaration that " such creditor shall not be allowed to prove his debt in bankruptcy." The amendment of 1874, substitutes for the last clause in section 39 the following : "And such person, if a creditor, shall not in case of actual fraud, be allowed to prove for more than a moiety of his debt." It was held by Judge BLATCHFORD while sitting as district judge in the case *In re Stein* (16 N. B. Reg. 569) that the only effect of the amendment of 1874, was to create a limitation upon the right to prove debts on a voluntary surrender under section 23 of the act of 1867, and to forbid a creditor in case of actual fraud on his part in obtaining the preference, to prove for more than one-half his debt, notwithstanding he may have surrendered what he had received. But this construction of the amendment of 1874 has not been generally adopted. On the contrary it has been held, in several cases, both in the District and Circuit Courts of the United States, that the intention and true construction of the amendment was to mitigate the harshness of the rule prescribed in the original section 39, which prohibited a creditor who had obtained a preference in fraud of the act, from proving his debt, although he had been deprived of the benefit of the preferential provision, and to confine the prohibition to cases of actual as distinguished from constructive fraud, and even in cases of actual fraud, to limit the penalty of the fraud to a

denial of the right to prove the debt as to a moiety only. (*In re Black*, 17 N. B. Reg. 399, Dist. Ct. Mass.; *In re Newcomer*, 18 id. 85; 19 id. 283, Dist. Ct. N. J.; *Burr* v. *Hopkins*, 12 id. 211, Cir. Ct. Wis.; *In re Reed*, 3 Fed. Rep. 798, Cir. Ct. Mass.; *In re Cadwell*, Dist. Ct., N. Dist. N. Y. 1875; *S. C.*, affirmed, Cir. Ct.) This construction is sustained by a large preponderance of judicial authority, and, what is especially important to notice, it has the sanction of the District and Circuit Courts of New York, having the original and final appellate jurisdiction in cases of bankruptcy arising within this State. We think this construction is sensible, and although there may be reason for doubt, we are disposed to follow the general current of authority upon the question, and to hold that in cases coming within section 39 of the act of 1867, the effect of the amendment of 1874 was to remove the prior absolute prohibition against the proof of a debt by a creditor who had obtained a preference which had been annulled, and to confine the prohibition to cases of actual fraud, and to limit it even in those cases to a disability to prove more than one-half of the debt. The original judgments in favor of the bank against Cadwell & Co. were recovered on notes made by Cadwell & Co., indorsed by the defendant Streeter. They were obtained in due course on default, after personal service of process on the defendants in the action. Executions on the judgments were issued to the sheriff, and were levied on a stock of goods of Cadwell & Co. prior to the commencement of the bankruptcy proceedings against the firm. By an order of the District Court, made after the filing of the petition in bankruptcy, upon the application of the petitioning creditors, the attorney for the bank consenting thereto, the sheriff was appointed special receiver of the estate of the bankrupts, and was directed to sell the property levied on and deposit the proceeds of the sale with the usual depository, subject to the further order of the court; but the order provided that "the lien of the judgment creditors, if any," should "follow and attach to the moneys arising from the sale." It was adjudged

in the action subsequently brought by the assignee in bankruptcy, that the judgments of the bank were void as against such assignee, and that he was entitled to the fund, the proceeds of the goods sold by the sheriff under the order of the bankruptcy court. The judgment in the action by the assignee in bankruptcy does not, on its face, disclose the particular grounds upon which the adjudication therein proceeded. Without going into detail, it is sufficient to say that it is to be collected from the pleadings and the opinion of the court that the judgments and executions in the State courts were set aside as a fraudulent preference, not on the ground of any actual fraud on the part of the bank or its officers, but for constructive fraud growing out of the fact that its attorney, who procured the judgments, had notice of the insolvency of Cadwell & Co. at the time of commencing the actions in favor of the bank, and designed to obtain a preference by means of the proceedings in the State courts, which was imputable to the bank and rendered the judgments void. (See opinion of WALLACE, J., MS.; *Brown v. Jeff. Co. Bank*, 19 Blatch. 315.) It was not, therefore, a case of actual fraud within the act of 1874. It is not very easy to define what is meant by actual fraud in this statute. Judge LOWELL, in the case of *In re Black* (17 N. B. Reg. 399), referring to the words, said: "The meaning of the statute appears to be plain that after a recovery of the damages and costs the creditor may prove his debt, if he have not actually assisted in the fraud." It would seem to require something more than mere imputable fraud to debar a creditor who has acquired an unlawful preference from proving his claim after he has been deprived of his security. The words "actual fraud" were apparently employed in contradistinction to legal or constructive fraud, and are only satisfied, we think, where actual complicity or a conscious purpose on the part of the creditor to accomplish a known fraud upon the act is shown. The evidence comes far short of this proof in this case, and the bank was not therefore debarred from proving its debt,

provided the obtaining of the judgment and the levy upon the property of the bankrupts under the executions was a conveyance, sale, assignment or transfer of property of the bankrupt within section 39 of the act of 1867. We think these terms must be construed to embrace such a transaction as this, otherwise it would happen that a creditor who merely proceeded to judgment, execution and levy, which afterwards were set aside at the suit of the assignee in bankruptcy as constructively fraudulent, would be in a worse plight as to proving his debt than a creditor who had actually taken and applied the property of the bankrupt upon his debt by way of preference. It cannot be supposed that this discrimination could have been intended. The right of the bank to prove its debt was affirmed by the District and Circuit Courts in this State in respect to another debt held by the bank against the same bankrupt under precisely similar circumstances. It follows that the defendant was not prejudiced by the act of the bank in its dealings with Cadwell & Co. It did not thereby preclude itself from proving its debt against the estate of Cadwell & Co. in bankruptcy, nor interfere with the right of the defendant as indorser. The consent of the bank to the order of the District Court appointing the sheriff as special receiver and directing a sale of the goods levied upon, is not a defense. The order preserved the lien of the execution, if any, and transferred it from the goods to the proceeds. It was subsequently decided by a court of competent jurisdiction that no lien was acquired as against the assignee in bankruptcy. The judgment of the bankrupt court was conclusive upon the bank and the question is not open for contestation by the defendant.

We think the judgment below is right and it should, therefore, be affirmed.

All concur.

Judgment affirmed.