Schiele agt. Healy.

It is also urged by the appellant that the jury found by their verdict "that the assignment was not made by the assignor with the intent or for the purpose of coercing creditors into compromising the debts he owed them." This is so, but it was after the court had held that the clause in question did not vitiate the assignment, and under a charge that it was not evidence of an attempt on the part of the assignor to coerce them. It was withdrawn from their consideration.

We think the learned trial judge erred in his construction of this clause of the assignment, and that the judgment given upon the verdict was properly reversed by the general term.

The order of that court should, therefore, be affirmed, and judgment absolute rendered for the defendant according to the stipulation upon which this appeal was taken.

All concur, except RAPALLO, J., absent.

## N. Y. COMMON PLEAS.

LEWIS SCHIELE and another agt. RICHARD HEALY and others.

*Assignment — Provision in, to pay individual debts out of partnership property, evidence of fraudulent intent — Such assignment void.*

The insertion of a provision to pay individual debts out of partnership property in an assignment of the partnership effects of an insolvent firm, is evidence of fraudulent intent on the part of the assignors so as to void such assignment.

The prior right of the creditors of the firm to its effect cannot be impaired by any consideration having reference to the interests of the individual partners; and anything which defeats this right and hinders or delays such creditor in enforcing payment of his demand against the firm from the firm's property, is a violation of the statute and a fraud upon such creditor.

*General Term, May,* 1881.

*Before* C. P. DALY, *C. J.,* J. F. DALY *and* BEACH, *JJ.*

THE defendants Healy and Conway were partners in trade. In December, 1878, they made an assignment for the benefit of creditors to the defendant Cunningham, who was a preferred creditor for $1,604.50, made up of two promissory notes, and owing to him by the said assignors. It appeared upon the trial that both these notes were dated the same day, to the same payee, but the smaller was signed by the defendant Richard Healy individually. The plaintiffs are judgment creditors of the partnership, and filed this bill to set aside the assignment as fraudulent, and a decree to that effect was given by the court below. The defendants appeal to this court.

*Alvin Burt,* for appellants.

*John J. Adams,* for respondents.

BEACH, *J.* — It is fair to conclude, from the evidence given upon the trial, that the note for $200 was given by the defendant Healy for an individual debt. Thomas J. Conway, the payee, and who transferred it to the defendant Cunningham, states directly and without qualifications that the defendant Healy owed him a debt of $400 before the formation of the firm, the half of which was represented by this note, while the balance was included in the one for $1,200 signed with the firm name. Upon his cross-examination he states that Healy told him the $400 was used in his business, which in no way tends to change the obligation to a firm indebtedness, because Healy had been doing business for some time before the copartnership of Healy & Conway was formed. Nor is the force of this evidence weakened by the testimony of defendant Conway that he was to assume one-half of the indebtedness for $400, because that portion was included in the firm note for $1,200, while the balance was represented by the individual obligation of Healy. This tends to establish a direct contradiction of that statement.

Schiele agt. Healy.

In any event, were it true, the sum would have been a portion of the capital of the partnership, and in providing it each partner seems to have intended to contract a separate personal obligation.

The assignment was of the firm property, and the question arises whether or not it was rendered fraudulent and void by the preference of an individual indebtedness of one copartner.

In *Kirby* agt. *Schoonmaker* (3 *Barb. Ch.*, 46) the case differed from the one at bar. The assignment covered both individual and partnership property, and gave preference to the creditors of the firm, except in two instances of individual indebtedness upon which the contention of its invalidity was founded. "These debts," says the learned chancellor, "were not directed to be paid out of the partnership generally, but the separate debt of each copartner was directed to be paid out of his portion of the proceeds of the joint property, and of his separate property. * * * The case, however, would have been entirely different if copartners who were insolvent and unable to pay the debts of the firm, either out of their copartnership effects or of their individual property, had made an assignment of the property of both to pay the individual debt of one of the copartners only. For an insolvent copartner who was unable to pay the debts which the firm owed would be guilty of a fraud upon the joint creditors if he authorized his share of the property of the firm to be applied to the payment of a debt for which neither he nor his property was liable at law or in equity."

The creditors of a corporation are legally and equitably entitled to payment from the firm assets. If, as appears by the proofs, the note for $200 was an individual debt of the defendant Healy, the provisions for its payment from the firm assets, in preference to demands against the partnership, was a fraud upon those creditors, and should invalidate the assignment. Neither the firm nor the other partner, Conway, was in any way liable upon the note, and its indorsement with the

firm name by the maker, Healy, after or at the time of the assignment, was a fraudulent act showing a like intent. If the conclusion of fact is well founded, the decision of the court of appeals in *Wilson* agt. *Robertson* (21 *N. Y. R.*, 587), in addition to the adjudication (*supra*), seems to dispose of the case. The court say that the insertion of a provision to pay individual debts out of partnership property in an assignment of the partnership effects of an insolvent firm " is a violation of the statute in respect to fraudulent conveyances, and furnishes conclusive evidence of a fraudulent intent on the part of the assignors. * * * The prior right of the creditors of the firm to its effects cannot be impaired by any consideration having reference to the interests of the individual partners; and anything which defeats this right or hinders or delays such creditor in enforcing payment of his demand against the firm from the firm's property, is a violation of the statute and a fraud upon such creditor."

The case of *Turner* agt. *Jaycox* (40 *N. Y. R.*, 470) does not bear upon the point. The decision was based upon the fact that, although the debt preferred was not originally contracted by the firm, they had subsequently, for a good consideration, agreed to and became liable to pay it.

The judgment must be affirmed, with costs.