Neilson, Ch. J.
The mortgage held by the plaintiff appears to have been given and received in good faith, to secure the payment of a note on the actual loan of the amount of money stated. It was duly filed, and created a lien upon the chattels therein described.
A few days before the debt, by the terms of the note and mortgage, became due and payable, the mortgagors employed the defendants to sell the property at auction. It was not a sale subject to the mortgage but in utter'hostility to it, in parcels, to divers purchasers, to whom the lots were delivered on payment of the amount of the bids. Out of the proceeds of the sale the defendants retained their charges and commissions and paid over the rest of the proceeds to the mortgagors.
*406 The plaintiff had not received any payment on his claim at the time of- the trial.
As to the question resting at the foundation of the case and to which the mind would most naturally turn, there was little room for contention. The sale having been wrongful, the liability of the defendants arose simply from the fact that they acted for and as the agents of the mortgagors.
•The circumstances upon which the learned counsel for the defendant relied as qualifying their liability if they were to be deemed liable at all, received proper attention at the trial.
The learned judge in his instructions to the jury •held that before they could find that the plaintiff had been damnified, they must find that there were no ready, visible, available means of securing the debt independently of the mortgage; and pointedly put to the jury the question whether the act of the defendants was such as to deprive the plaintiff of the means of collecting his debt.
They were also told that the plaintiff should have used all efforts in his power, after the fraud was discovered, to recapture his propetry.
That ruling gave all the force that could have been given to the qualifying circumstances. In these, as in other respects, the charge was not unfavorable to the defendants.
I am of opinion that the request to charge that it was the duty of the plaintiff to show that the mortgagor (Mrs. Reeves) was wholly irresponsible was properly refused. The circumstantial evidence given would seem to have been sufficient, and might well have been as full and direct as could be given in such a case. In this relation something is due to the fact that the .plaintiff did not part with his money because of the . personal responsibility of the debtors, but on the faith of the mortgage creating a lien on the property de *407 scribed and the power to enforce payment in a summary manner. It would be strange indeed if in every instance where chattels mortgaged are. wrongfully sold, the creditor could have relief only on proof that the mortgagors are insolvent.
I am of opinion that none of the exceptions were well taken, and the judgment should be affirmed with costs.
McCtte, J., concurred.
■ Judgment accordingly.