Henry Nugent, Respondent, *v.* Eli B. Jacobs, Impleaded, etc., Appellant.

While the payment by the purchaser of a fair consideration upon a sale of property is not conclusive, as against the creditors of the vendor, upon the question of good faith, it affords strong evidence thereof, and requires clear proof of a fraudulent intent to overcome the presumption of honest motives arising therefrom.

In an action to set aside a conveyance of land as fraudulent as against the creditors of the grantor, it appeared that the grantee paid full value. The principal circumstance upon which the allegation of fraudulent intent was based was the execution by the grantor on the same day, but after the transfer of the land, of a chattel mortgage to his wife covering his remaining property. This fact the court allowed to be proved by oral evidence of the grantor, as a witness for the plaintiff; on cross-examination of the witness, defendants offered to show the circumstances under which the mortgage was given, and what was done with it. This was objected to by plaintiff and excluded. *Held* error; and that, as defendant may have been injured thereby, it required a reversal of the judgment.

(Argued June 4, 1886 ; decided October 5, 1886.)

Appeal by defendant Jacobs, from a judgment of the General Term of the Supreme Court in the fifth judicial depart-

ment, entered upon an order made October 31, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*E. W. Gardner* for appellant. As there was an absolute *bona fide* sale for a full consideration paid, it being to secure a debt of Jacobs, the deed cannot be pronounced fraudulent under the facts proved. (Bump on Fraud. Conv. [2d ed.] 182, 184, 186 ; *Wilder* v. *Winne,* 6 Cow. 284 ; affirmed, 4 Wend. 100.) The extinguishment of a valid debt against the vendor constitutes the vendee a purchaser for value as fully as though the consideration was all paid in money. (*Seymour* v. *Wilson,* 19 N. Y. 417; *Bedell* v. *Chase,* 34 id. 386 ; *Graham* v. *Northrop,* 9 How. 525 ; *Murphy* v. *Briggs,* 89 N. Y. 451 ; *Stearns* v. *Gage,* 79 id. 102 ; *Farley* v. *Carpenter,* 27 Hun, 359.) In a case of actual sale, where the land is conveyed to the grantee as his own, the rule is entirely different from a case where a party makes a general assignment for the benefit of his creditors and the grantee is a mere trustee ; in the latter case fraud of the assignor alone is sufficient, while in the former and in this case actual fraud must be shown upon the part of both grantor and grantee. (*Laidlaw* v. *Gilmore,* 47 How. 67 ; affirmed, 56 N. Y. 621.) The fact that this suit was pending and that Jacobs knew of it, furnishes no evidence of fraud. (*Beard* v. *Wheeler,* 76 N. Y. 213 ; *Hall* v. *Arnold,* 15 Barb. 599 ; *Auburn Ex. Bk.* v. *Fitch,* 48 id. 344.) Where a conveyance or mortgage is taken to secure a debt, even where it is done with the express purpose of preventing the lien of a judgment about to be taken, the conveyance is valid. (*Hale* v. *Stewart,* 7 Hun, 591 ; *Archer* v. *O'Brien,* id. 146, 148–9 ; *Stover* v. *Eycleshimer,* 4 Abb. Ct. App. Dec. 314 ; *Parker* v. *Connor,* 93 N. Y. 118–26.) There is no evidence in this case to sustain the findings of the trial court of fraud on the part of Jacobs. (*Popfinger* v. *Yutte,* N. Y. Ct. App., March 26, 1886 ; 4

East. Rep'r, 694.) The evidence of Jacobs, that he took this conveyance in good faith and without any fraudulent intent, cannot be disregarded arbitrarily and should be taken as evidence in the case. ( *Waterbury* v. *Sturtevant,* 18 Wend. 363 ; *Bedell* v. *Chase,* 34 N. Y. 386.) Fraud on the part of the vendee as well as the vendor must be shown. (*Dudley* v. *Danforth,* 61 N. Y. 626.)

*Henry M. Field* for respondent. The fraudulent intent of the grantor (Grace) is confessed by the record. He did not appear or answer the complaint. (Code of Civil Pro., § 522.) A conveyance is void under the statute if the sale and conveyance was made with intent to " hinder " and delay creditors. (3 R. S. [7th ed.] 2320 ; Bump on Fraud. Conv. 66 ; *Planck* v. *Schermerhorn,* 3 Barb. Ch. 644 ; *Parker* v. *Connor,* 93 N. Y. 118 ; *Coleman* v. *Burr,* id. 17.) The court did not err in adjudging the conveyance void, although the fact is found that appellant paid in full. The fact, under all the circumstances which appear in this case, did not make the conveyance *bona fide* nor release the appellant from the consequences of his own fraudulent acts. The fraud was found as a fact. (Bump on Fraud. Conv. 230 ; *Young* v. *Hermance,* 66 N. Y. 374 ; *Davis* v. *Leopold,* 87 id. 620.) The appellant was a fraudulent purchaser. The conveyance was tainted with fraud. The law and the courts do not protect or care for fraudulent purchasers. (Wait on Fraud. Conv., § 208 ; *Billings* v. *Lawyer,* 4 N. E. Rep'r, 351.) The evidence given by plaintiff having shown without a question that the sale and conveyance was fraudulent, and it being so, plaintiff was entitled to judgment. (*Starin* v. *Kelly,* 88 N. Y. 418.)

Ruger, Ch. J. This action was brought to vacate and annul, a conveyance of land made by defendant Grace, to the defendant Jacobs, upon the ground that it was executed and delivered for the purpose of hindering, delaying and defrauding creditors, and particularly the plaintiff in the collection of a debt, owing to him by Grace. The findings of the court

below, show that Jacobs paid Grace the full value of the land upon the transfer, but it is claimed by the respondent and was found by the court that the conveyance was nevertheless made and received with the intent to hinder, delay and defraud the plaintiff. The evidence upon which this finding was based was not conclusive or even strongly preponderating upon the fact found, and the erroneous admission or exclusion of evidence was likely to have affected materially the conclusions reached by the trial court.

The payment by the purchaser of a fair consideration upon a sale of property affords strong evidence of the good faith of the transaction, and while not conclusive upon that question requires clear evidence of the existence of a fraudulent intent to overcome the presumption of honest motives, arising from that fact. (*Billings* v. *Russell*, 101 N. Y. 226.) One of the most prominent circumstances from which a fraudulent intent was sought to be deduced, was the execution by Grace, on the same day, but after the delivery of the deed in question, of a chattel mortgage to his wife, conveying such property as he had remaining, after the transfer of his land. This fact was proved upon the oral examination of the alleged fraudulent grantor, produced as a witness for the plaintiff, and although the defendant objected that such evidence was not competent and that the mortgage should be produced, it was allowed by the court. The defendant, upon cross-examination of the same witness, attempted to show what was done with the mortgage after its execution, and the circumstances under which it was given, but upon the objection of the respondent the evidence was excluded by the court, and the appellant excepted to the ruling. We see no ground upon which this ruling can be supported.

The mere giving of the mortgage under the circumstances did not afford conclusive evidence of a fraudulent intent on the part of the mortgagor, and the circumstances under which it was executed, the existence of a valuable consideration therefor, the fact that it was promptly filed in the town clerk's office, and the publicity attending its execution, were all competent

and material facts bearing upon the question of intent, and should have been received by the court.

In a case where the evidence is not preponderating on either side, such circumstances should be heard and considered, and we cannot say that injustice may not have been done by the exclusion of the proposed testimony.

For this reason, therefore, the judgments of the General and Special Terms should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.