## MOORE v. CRAIG.

### (*City Court of Brooklyn, General Term.* February 26, 1889.)

1. TROVER AND CONVERSION—WHEN LIES—DEPOSIT OF CHECK.
   Plaintiff alleged that she had deposited with defendant a sum of money by delivering to him a check drawn in her favor, which he had collected, and that he had refused to turn over the proceeds of the check on demand. *Held*, that the action was to recover a deposit, and not for a conversion.

**2. ASSUMPSIT—MONEY HAD AND RECEIVED—DEMAND.**
A demand for the payment of the proceeds of the check was not necessary to the maintenance of the action, where defendant alleged that the money represented by the check was to be applied on account of a business arrangement between him and plaintiff's husband, and where it was shown that, before action brought, defendant, had given plaintiff a statement of the account between him and her husband, and in · formed her that he had credited the husband in such statement with the amount received on the check.

Appeal from trial term.

Action by Emma Moore against Adam Craig. From a judgment for plaintiff, and an order denying a motion for a new trial, the defendant appeals.

*Dailey & Bell*, for appellant. *Anthony Barrett*, for respondent.

CLEMENT, C. J. The plaintiff, in the complaint in this action, alleged that on or about April 19, 1886, she deposited with the defendant the sum of $1,284.56 by delivering to him a check for that amount, drawn to her order and indorsed by her, on which check the defendant collected the said sum, and that on or about May 1, 1887, plaintiff demanded said money of the defendant, who refused to pay over the same. The defendant, in his answer, admitted that the plaintiff deposited the check with him, and denied all the other allegations of the complaint; and for a further answer alleged that the money represented by the check was placed by the plaintiff in defendant's hands, to be applied on account of a business arrangement which existed between the defendant and the husband of the plaintiff; and the defendant further set up that the said money had been so applied.

I have set forth the substance of the pleadings, because the counsel for the defendant contends that the action was for conversion, and not to recover a deposit. The foregoing statement of the pleadings seems to answer conclusively the claim of counsel in that respect. The action was brought to recover a deposit, and a demand of repayment was necessary before an action could be maintained to recover the same, unless some special circumstance or reason excused such demand. The plaintiff failed to prove a demand on the trial, and a motion to dismiss was made for that reason, which motion was denied, and an exception duly taken. After consideration, we think that a demand was unnecessary in the present case, because the defendant alleged in his answer a different transaction; and we so hold on the authority of *Carroll* v. *Cone*, 40 Barb. 220, which case was affirmed in the court of appeals. See *Baker* v. *Kenworthy*, 41 N. Y. 216. We also think that a demand was not necessary for another reason. It was an undisputed fact in the case that the defendant, before this action was commenced, called on plaintiff, and handed her a statement of the account between him and her husband, and informed her that in that statement he had credited the husband with the amount received on the check, $1,284.56. The statute of limitations would commence to run on the plaintiff's claim after the notice that the deposit had been credited on her husband's account.

The verdict was not against the weight of evidence. The testimony of the defendant was in direct conflict with that given on his examination as a witness in supplementary proceedings, and he cannot complain because the jury did not believe him. The judgment and order denying a new trial must be affirmed, with costs.

VAN WYCK, J., concurs.