NICHOLS v. MORROW et al.

(Supreme Court, General Term, Fourth Department. November, 1890.)

FRAUDULENT CONVEYANCES—CONFIDENTIAL RELATIONS.

On a creditors' bill to set aside a deed from M. and his wife to J., their son, and a mortgage given back by J. to his mother, the evidence showed that shortly before plaintiff sued to enforce her claim against M., which he had repeatedly declared he would not pay, the conveyance in question was executed for a stated consideration of $10,000; that this sum was handed to M. by J., in money which he had borrowed of his father-in-law, for the purpose; that M. delivered the money to his wife in payment of an alleged loan; that she handed it to J., who returned it to his father-in-law; that several days afterwards J. gave his mother the mortgage for $10,000, which was not recorded for two years; and that it was also agreed that M. and his wife should continue to reside upon the premises. Held, that a finding that the deed and mortgage were fraudulent and void, as against plaintiff, would not be disturbed.

Appeal from special term, Schuyler county.

Action by Caroline B. Nichols, as administratrix, etc., of Lettitia Morrow, deceased, against Josiah B. Morrow, Mary W. Morrow, John C. Morrow, and Jennie F. Morrow. There was judgment for plaintiff, and defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

M. A. Leary, for appellants.    O. P. Hurd, for respondent.

MARTIN, J.    This was an action in the nature of a creditors' bill to set aside a deed from the defendants Josiah B. Morrow and Mary W. Morrow to the defendant John C. Morrow, and also to set aside a mortgage on the property thus conveyed, given by John C. Morrow to Mary W. Morrow. The ground upon which this deed and mortgage were sought to be set aside was that they were made and received with the intent to hinder, delay, and defraud the creditors of Josiah B. Morrow, and especially with the intent of hindering, delaying, and defrauding the plaintiff as a creditor of said Josiah B. Morrow, by preventing the collection of any judgment which she might obtain on a claim which she then held against him.  The plaintiff was the duly-appointed administratrix of the estate of Lettitia Morrow, deceased, and, as such, recovered a judgment against the defendant Josiah B. Morrow, on February 23, 1887, for $2,149.65.   The claim which was the basis of this judgment arose in 1882 and 1883.   An execution upon that judgment was duly issued to the sheriff of the county where the defendant Josiah B. Morrow then resided, and still resides, and was duly returned wholly unsatisfied before this action was commenced.    John C. Morrow is the son and Mary W. Morrow is the wife of Josiah B. Morrow.   When the plaintiff's claim arose, the defendant Josiah B. Morrow was the owner of the farm described in the complaint.   It was unincumbered, and worth at least $10,000.   At that time he was also the owner of considerable personal property.   So far as the proof shows, he was not indebted in any considerable sum to any person except the plaintiff.   The plaintiff was persistently pressing him for the payment of her claim, which he repeatedly declared, in the most positive terms, he would not pay.   While the plaintiff was thus urging the payment of her claim, and threatening to sue him if he did not pay it, but before she commenced an action against Josiah B. Morrow to enforce it, he and his wife made and executed the deed set aside by the judgment herein.   The consideration mentioned therein was the sum of $10,000.   The proof disclosed that this sum was handed to Josiah B. Morrow by John C. Morrow in money which he had borrowed of his father-in-law for that purpose.   Upon the receipt of this money, the defendant Josiah B. Morrow at once delivered it to Mary W. Morrow, professedly in payment of a debt which he claimed to owe her for $3,000, which he had of her in 1850 and 1853, and interest thereon.

Upon receiving the money, Mary W. Morrow handed it to her son John C. Morrow, who returned it to his father-in-law. Several days after this transaction, John C. Morrow gave his mother a mortgage on the premises for $10,000, with interest, payable semi-annually, which is the mortgage in question. This mortgage was not recorded until nearly two years after it was given. It was also agreed between the parties to this transaction that Josiah B. Morrow and his wife should continue to live upon said premises with John C. Morrow, as they had previously done. The facts, as found by the learned trial judge, are amply sufficient to uphold the judgment awarded. The question presented on this appeal is whether the evidence was sufficient to justify the court in finding that the deed and mortgage in question were made with an intent to hinder, delay, and defeat the plaintiff's claim, in which all the parties participated.

That there was a positive and decided purpose on the part of Josiah B. Morrow to prevent the enforcement of the plaintiff's demand against him is fully established by the evidence. The witness Williams testified that he had a talk about this demand with Josiah B. Morrow, in the presence of Mary W. Morrow; that he told them that they were going to be sued, unless they settled it; that Josiah then said "he would never pay it as long as he lived." The plaintiff testified that in a conversation with her, which was had long before the summer of 1885, and in the presence of John C. Morrow, Josiah B. Morrow said, referring to the plaintiff's claim, "I will never pay it, so help me God," and that "he said he never would pay it as long as he had a drop of blood left in his little finger." In addition to the positive evidence of these witnesses, the fact was shown that all these parties were members of the same family, living under the same roof, and eating at the same table, when the plaintiff's claim was the subject of dispute between the plaintiff and Josiah B. Morrow. This evidence not only showed a resolute and positive purpose on the part of Josiah B. Morrow not to pay the plaintiff's demand in any event, but it also established, quite satisfactorily, that that purpose on his part was, and must have been, well known to both his wife and son. Hence, we find no error in the finding of the trial court that, at the time when the conveyances in question were made, and prior thereto, both John C. Morrow and Mary W. Morrow well knew that plaintiff's demand was claimed to be a just and valid indebtedness against Josiah B. Morrow, and was likely to be prosecuted, and judgment recovered against him thereon. The evidence of this positive purpose and intent on the part of Josiah B. Morrow of the feeling he evinced in regard to the plaintiff's claim, of the knowledge on the part of the other parties to the transaction of such intent and purpose, with the further evidence that these transfers were made shortly before an action was commenced for the enforcement of such claim, and that to form a consideration for such transfers, and to give them the semblance of validity, a debt from the grantor to his wife was revived, which had reposed quietly and peaceably for more than thirty years, without the slightest disturbance by renewal, promise, or even mention, and was conveniently made the basis of such transfers, together with the evidence that the mortgage was not recorded until nearly two years after it was given, of the manner in which the property was subsequently managed by the parties, and of the sale by Josiah B. Morrow of all his property, both real and personal, on the same day, and many other circumstances which need not be mentioned, all tended to show that the purpose of this transaction was to place the property of Josiah B. Morrow beyond the reach of the plaintiff, or any judgment which she might obtain, and that such purpose and intent were participated in by all the parties to this transaction. The fact that the son handed the sum of $10,000 to his father, who gave it to his wife, who, in turn, delivered it to the son again, in no way strengthens the defendant's case. Indeed, the manner in which this money was passed around

between the parties tends to show that the object was to cover up the fraudulent purpose of the parties, rather than to show that the transaction was in good faith. We think the evidence was sufficient, and justified the learned trial court in finding that the pretended sale and conveyance by Josiah B. Morrow to his son, the payment of the $10,000, the pretended loan by the mother to her son, and the mortgage executed to her therefor, were all made and given pursuant to a plan and scheme previously entered into between such parties, and devised and executed with the purpose and intent, on the part of each of them, of hindering, delaying, and defeating the collection of the plaintiff's demand, and any judgment which might be recovered thereon. If there was a valuable consideration for the deed and mortgage in question, it does not save the transaction from the condemnation of the statute. As there was an actual intent to defraud the plaintiff, which was participated in by all the parties, the transfers were void as to the plaintiff's judgment. *Billings* v. *Russell*, 101 N. Y. 226, 4 N. E. Rep. 531; *Nugent* v. *Jacobs*, 103 N. Y. 125, 8 N. E. Rep. 367. While fraud is not to be presumed, yet, like many other issues, it may be proved by circumstances from which it may be naturally and logically deduced. It is rarely possible to prove fraud by direct evidence alone in transactions of the nature of that under consideration, therefore resort must be had to circumstances. When the circumstances proved, together with the other evidence in a case, show that the natural and probable intent of a transfer was to defraud creditors, a court or jury is justified in finding such an intent. We think the evidence was sufficient to sustain the findings of the trial judge, and that the judgment should be affirmed, with costs. Judgment affirmed, with costs. All concur.