(4 Misc. Rep. 299.)

KORNEMAN v. FRED HOWER BREWING CO.

(City Court of Brooklyn, General Term. June 26, 1893.)

MORTGAGES—CONSIDERATION—ANTECEDENT DEBT.

A mortgage given in good faith for an existing debt is valid as against a mortgage subsequently given for value parted with at the time.

Appeal from trial term.

Action by Anna Korneman against the Fred Hower Brewing Company to recover damages for conversion of personal property. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Hurd & Grim, for appellant.

Frank C. Marrin, for respondent.

VAN WYCK, J. The plaintiff brought this action to recover damages for the conversion of certain personal property, consisting of various articles constituting the entire fittings of a first-class saloon, including, among other things, a bar, back bar, and pump. Plaintiff had a verdict for $1,025, and from the judgment entered thereupon, and from an order denying a motion for a new trial, this appeal is taken.

Plaintiff claims upon evidence which, if believed, shows that some time prior to and upon July 6, 1891, one Fowler was the owner of this saloon business, and the personal property therein above referred to, which he on that day sold to Carhart & Hunold for $2,500, $2,000 of which was paid by the purchasers on the same day, at the request of the vendor, giving to the plaintiff, with her consent, without any effort to defraud creditors, a chattel mortgage payable on demand for that sum on the property in question; that the consideration of this mortgage was an honest indebtedness of Fowler to her for that sum, for which Fowler had previously given her a mortgage, which she surrendered on receiving this one from Carhart & Hunold. The latter was filed in the register's office of this county on July 7, 1891. On July 17, 1891, Fowler gave a mortgage on the same property to the defendant for $600, payable the next day, and claimed by the defendant to have been to secure the purchase price of a bar, back bar, and pump sold to him on that day. On July 18, 1891, this mortgage was filed in the register's office, and foreclosed by defendant, who bought the property in, and subsequently removed it from the saloon, and appropriated it to its own use. The plaintiff claims this property by virtue of her mortgage and the defendant by virtue of its mortgage. Defendant defends on three grounds: First, that plaintiff's mortgage was without consideration, and in fraud of the creditors of Fowler; second, that the bar, back bar, and pump included in this mortgage belonged to this defendant at the time it was made; third, that, assuming this mortgage to be valid and binding on all the property, the plaintiff cannot recover from this defendant, because the plaintiff never made a specific demand of the whole sum of $2,000 from Carhart & Hunold.

Whether or not the plaintiff's mortgage was made with the intent to defraud creditors was properly submitted to the jury on conflicting testimony, and we see no reason, after a critical examination of the evidence, to disturb the decision of that question in favor of plaintiff. Whether or not the bar, back bar, and pump were the property of defendant at the time the mortgage was made to plaintiff was likewise properly submitted to the jury on conflicting testimony, and for the same reason should not be disturbed. The circumstance that Fowler, the only witness on value, testified that the whole property was worth $1,600, taken in connection with the circumstance that it is admitted that the

bar, back bar, and pump cost the defendant $575, suggests that the jury decided this question in favor of the defendant, as their verdict was $1,025. The testimony that there was a specific demand for the entire $2,000 is not very convincing, but it is very strong that she demanded $10 on account, which Carhart & Hunold repeatedly refused to pay. It does seem to us an idle ceremony to demand $2,000 from a creditor who will not pay even $10 on account, and we are not certain that a demand for the whole cannot be fairly implied therefrom, though it is not necessary, in our opinion, to decide that. The defendant has taken possession of this property, and converted it to its own use, claiming to be the absolute owner thereof against Carhart & Hunold, this plaintiff, and the whole world. Under such circumstances to demand of Carhart & Hunold the sum of $2,000 as the basis of making a further demand upon them for the property that they cannot deliver, without any fault on their part, is a useless form that the law does not require, in our judgment. Moore v. Craig, (City Ct. Brook.) 4 N. Y. Supp. 339; Reading v. Lamphier, (Sup.) 9 N. Y. Supp. 596; Monloughney v. Hegeman, 9 Abb. N. C. 403; Hughes v. Griffith, 12 Wkly. Dig. 501.

The defendant charged, and undertook to prove, that this mortgage given to plaintiff was without consideration, and with the intent to defraud the creditors of Fowler. This gave the plaintiff the right to show the real transaction, as well as the good faith thereof, by the conversation had at the time it was executed between the parties thereto, such as that it was given to plaintiff at the request of herself and Fowler by Carhart & Hunold, to secure Fowler's indebtedness to her, etc. This disposes of the exceptions taken by the defendant at folios 57, 58, 98, 99, and 102. Nugent v. Jacobs, 103 N. Y. 125, 8 N. E. Rep. 367; Billings v. Russell, 101 N. Y. 226, 4 N. E. Rep. 531; Starin v. Kelly, 88 N. Y. 418.

Defendant's requests 1, 2, and 3 were properly refused, for they seem to have been based upon the erroneous theory that a mortgage cannot be given in good faith for an existing indebtedness, which will be valid against a mortgage subsequently given for value parted with at the time, (Cobbey, Chat. Mortg. § 126;) and for the further reason that in them it is assumed that plaintiff parted with no value at the time the mortgage was given, while there is testimony that she surrendered a mortgage previously given at the time she received this one. We do not think we would be justified, on the evidence, in holding that the damages were excessive. The only witness (Fowler) who testified to the value of this property was familiar with it, and qualified as an expert. He said it was worth $1,600; and the defendant had possession of the property, and introduced no evidence in rebuttal on the subject of value. This disposes of all the exceptions requiring consideration, and for the foregoing reasons the judgment and order must be affirmed, with costs.